# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**RAUL GOMEZ,**

      Plaintiff,

vs.

                                                                                  No. CIV 96-123 JHG/LCS

**ALLIEDSIGNAL, INC., a/k/a**                                                   CIV 97-348 JHG/LCS
**AlliedSignal Technical Services Corporation,**

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes on Defendant's Motion for Partial Summary Judgment and to Enforce Settlement agreement (docket entry # 30), filed on April 9, 1999, and Plaintiff's Motion for Trial by Jury (docket entry # 31), filed on April 28, 1999. On August 24, 1999, these Motions were referred to the Hon. Leslie C. Smith, United States Magistrate Judge, pursuant to 28 U.S.C.Sec. 636(b)(1)(b), to make proposed findings and recommend a disposition. The Court, having considered the motions, the memoranda submitted by the parties and the applicable law, proposes finding that the Defendant's Motion is well-taken in part and that the Plaintiff's Motion is not well-taken. The Court recommends that the Defendant's Motion be GRANTED IN PART and that the Plaintiff's Motion be DENIED.

## PROPOSED FINDINGS

Plaintiff Raul Gomez ("Gomez") was employed by Defendant AlliedSignal Inc., ("AlliedSignal"). After failing to receive a promotion, he sued, alleging that AlliedSignal discriminated against him on the basis of his age, gender and national origin. After being

terminated, he filed a second lawsuit alleging that his termination was in retaliation for filing his earlier lawsuit.

On August 19, 1997, after a settlement conference, the parties executed a hand-written document entitled "Settlement & Release", which provided as follows:

> 1. Payment of $25,000 by Aug. 29, 1997.
> 2. Release of all claims, dismissal of both litigation (sic) with prejudice, costs borne by parties that incurred same.
> 3. ATSC letter of recommendation.
> 4. Gomez agree (sic) to not apply for employment at Alliedsignal, ATSC, related companies.
> 5. Sign appropriate dismissal papers and formal release agreement. Consideration paid includes all claims, including fees, costs, expenses.
> 6. Confidentiality regarding settlement amount. No disclosure of fact of settlement or amount (other than to tax people.)

The document was signed by Gomez, his attorney, and AlliedSignal's attorney. However, when the formalized settlement agreement was presented to him on August 29, 1997, Mr. Gomez refused to sign it. On September 15, 1997, the District Court, after a hearing, concluded that the settlement agreement was valid and enforceable. It then entered an order dismissing Mr. Gomez's claims with prejudice.

Gomez moved for reconsideration, contending that his signing of the hand-written Settlement and Release document had not been knowing and voluntary as those terms were defined by the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. Sec. 626. Under the Act, in order to find that a waiver of age discrimination claims is knowing and voluntary, the waiver agreement itself must contain certain recitations and meet certain requirements. Gomez claimed that under the OWBPA, he was entitled to 21 days to consider the hand-written Settlement & Release, and, after he signed it, was entitled to seven days to revoke it. The District

Court denied the motion.

On appeal, Gomez contended that he did not execute the document knowingly and willingly because the judge unduly pressured him to sign the agreement without notifying him that the agreement was final, and he could not resist the judge's pressure because of his own high blood pressure. The Court of Appeals refused to consider these arguments because they were not raised before the District Court. However, the Court of Appeals remanded this case for a determination of whether the Settlement & Release document complied with the requirements of the OWBPA.

In its Motion for Partial Summary Judgment and to Enforce the Settlement Agreement, AlliedSignal contends that the Settlement & Release does meet the requirements of the OWBPA, but argues that Gomez's age-discrimination claim is barred for the additional reason that Gomez did not file an age discrimination claim with the Equal Employment Opportunity Commission ("EEOC") prior to filing his lawsuit. Gomez, *pro se*, raises several challenges to the enforceability of the Settlement and Release document and contends that the final settlement documents were materially different from the settlement agreement. Gomez did not raise any material issues of fact as to Defendant's contentions.

The Court will first address the issues raised by the Tenth Circuit's remand and Allied Signal's Motion to Enforce Settlement Agreement, then the issues raised by Gomez's Motion for Trial by Jury, and finally, the issues raised by AlliedSignal's Motion for Partial Summary Judgment.

**I. The Tenth Circuit's remand and AlliedSignal's Motion to Enforce Settlement**

The Tenth Circuit directed this Court to determine whether the Settlement & Release document met the requirements of OWBPA, and, if not, whether it was a valid agreement as to Plaintiff's non-ADEA claims.

**a. OWBPA**

A waiver of ADEA claims is not enforceable unless it is knowing and voluntary. *Pierce v Atchison, Topeka and Santa Fe Railway Co.*, 65 F.3d 562, 572 (7th Cir. 1995). 29 U.S.C. Sec.626 (f)(2) provides in relevant part that a waiver in settlement of a charge filed with the EEOC, or an action filed in court, cannot be considered knowing and voluntary unless, at a minimum, the waiver specifically refers to rights or claims arising under this chapter, and, the individual is advised in writing to consult with an attorney prior to executing the agreement. In the present case, a review of the language of the Settlement & Release document reveals that it does not specifically refer to rights or claims arising under this chapter, and, it does not advise Gomez in writing to consult with an attorney prior to executing the agreement. Although it is quite obvious that the waiver is meant to refer to Gomez's ADEA claim, and it is equally obvious that Gomez did in fact consult with an attorney before signing the document, the lack of formal compliance with the statute prevents this document from being an enforceable waiver of Gomez's ADEA claims.

**b. non-ADEA claims.**

Courts favor settlement. *See generally Buchanan v Kerr-McGee Corp.*, 908 P.2d 242 (N.M. Ct. App. 1995). Accordingly, settlements will be enforced in accordance with their terms absent an ambiguity in the terms of the settlement agreement or release.

4

Settlement agreements may be analyzed under general contract principles and the parties may raise standard contract defenses. *Pierce v Atchison, Topeka and Santa Fe Railway Co.*, 65 F.3d 562, 572 (7th Cir. 1995). The elements of an enforceable contract are an offer, acceptance and consideration. *Id.* In the present case, the Settlement & Release document evidences AlliedSignal's offer to pay $25,000 in exchange for, *inter alia*, Gomez's releasing all pending claims. Gomez's signature evidences acceptance of the offer, and the mutual promises constitute sufficient consideration. Gomez does not contend that there was any ambiguity in the Settlement and Release. Accordingly, the agreement is valid and enforceable as a waiver of all of Gomez's claims except his ADEA claim.

**II. Gomez's Motion for Trial by Jury**

Gomez claims that the terms of the formalized settlement agreement varied from the hand-written Settlement and Release document, and thus, he was within his rights not to sign. The Court assumes the correctness of this argument; however, it is the hand-written Settlement and Release document that the Court enforced, not the unsigned formalized settlement agreement. Because one of the provisions of the Settlement and Release document was that the parties would execute a formalized settlement agreement in the future, Gomez's argument may establish that he is not liable for breaching that term of the Settlement and Release document; however, it is not necessary for Gomez to comply with that term of the Settlement and Release document in order for its other terms, specifically the dismissal of both lawsuits with prejudice, to be enforceable.

Gomez next claims that he was denied due process of law because the judge who presided at the settlement conference and the enforcement hearing was biased against him. He purports to quote a statement allegedly made by the judge to illustrate that bias. However, he did not submit

5

an affidavit with his Motion, did not provide any citation to the record which might corroborate his allegations, and the alleged remarks do not appear anywhere in the transcripts he provided with his response and cross-motion. Accordingly, the Court proposes finding that Plaintiff's argument is unsupported and should not be considered. *See Lee v. Coughlin*, 902 F.Supp. 424 (S.D.N.Y. 1995); *reconsideration granted on different grounds*, 914 F.Supp. 1004 (S.D.N.Y. 1996).

Gomez next claims that there is a fact issue whether the Defendants supplied one or two settlement checks. This fact issue is not material to whether the Settlement and Release document is enforceable. Only material issues of fact can defeat a Motion for Summary Judgment. *Fletcher v. Atex, Inc.*, 68 F.3d 1451 (2d Cir. 1995).

Gomez finally claims that the agreement is unenforceable because it denies him his right to a trial by jury, and denies his family the right to pursue his claims if he dies. While he is correct as to the effect of the Settlement and Release document, he cites no authority that such provisions are therefore unenforceable. In fact, courts routinely enforce such provisions.

Because the Court proposes finding that the Settlement and Release document meets the formal requirements of an enforceable contract and that none of Gomez's affirmative defenses to its enforceability has merit, I recommend that AlliedSignal's Motion to Enforce the Settlement Agreement (as to the non-ADEA claims) be granted.

### III AlliedSignal's Motion for Partial Summary Judgment

AlliedSignal contends that, even if the Settlement & Release document does not preclude Gomez's ADEA claim because it does not meet the requirements of the OWBPA, Gomez's ADEA claim is barred because he failed to file the claim with the EEOC prior to

6

commencing the lawsuit. AlliedSignal attached copies of Gomez's two EEOC Charges, which establish that no claim was made. In response, Gomez attached an unsigned copy of the latter charge with hand-written modifications which raise the age claim; however, Gomez never alleged that this charge was filed with the EEOC. Accordingly, Gomez has not raised a genuine fact issue as to whether he filed an age discrimination claim with the EEOC prior to commencing these lawsuits. The Court proposes finding that there is no material issue of fact, and, based on *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667 (9th Cir. 1988), that AlliedSignal is entitled to judgment as a matter of law. Accordingly, the Court recommends that its Motion for Partial Summary Judgment be granted.

## RECOMMENDED DISPOSITION

The Court recommends that AlliedSignal's Motion for Partial Summary Judgment be GRANTED, that its Motion to Enforce Settlement Agreement be GRANTED as to Gomez's non-ADEA claims, that Gomez's Motion for Trial by Jury be DENIED, and that the Court enter Judgment on the terms of the Settlement and Release. Within ten days after a party receives a copy of these Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition. A party must file any objections with the District Court Clerk within the time period allowed if that party desires review by the District Court. In the absence of timely-filed objections, no review will be conducted.

_____
Leslie C. Smith
United States Magistrate Judge